USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/8/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
:
MARISOL DAVILA, :
:
:
Plaintiff, :
: 1:22-cv-1558-GHW
-against- :
: AMENDED ORDER
INTREN LLC and BRETT WILLIAM :
SPARENGERG, :
:
Defendants. :
:
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

The Court amends the order entered on March 7, 2022, Dkt. No. 6, as follows:

This action was removed from the Supreme Court of the State of New York, County of Bronx, on February 24, 2022. Dkt. No. 1. As the basis for this Court's subject matter jurisdiction, Defendant invokes 28 U.S.C. § 1332, asserting that the parties are diverse and the amount in controversy is over $75,000. Dkt. No. 1 ¶ D. "Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).

By Order to Show Cause dated February 25, 2022, the Court advised Defendants that the Notice of Removal did not sufficiently allege complete diversity of the parties. Dkt. No. 4. The Order to Show Cause stated:

> To establish jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship, such that "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Intren LLC is a limited liability company. When determining a party's citizenship for diversity purposes, a limited liability company "takes the citizenship of each of its members." *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). Defendants allege that Intren LLC is a resident of the state of Illinois, however, Defendants do not properly allege the citizenship of the members of Intren LLC.

*See* Dkt. No. 1 ¶ G. Thus, the Court cannot determine whether complete diversity exists, and without complete diversity, the Court does not have subject matter jurisdiction over this case.

*Id.*

In addition, the Order to Show Cause advised Defendants that the Notice of Removal did not sufficiently allege that the amount in controversy exceeds $75,000. On March 2, 2022, Defendants filed a response to the Order to Show Cause offering evidence that the amount in controversy exceeds $75,000. Dkt. No. 5. However, Defendants did not provide any information regarding the citizenship of the members of Intren LLC. "Thus, the notice of removal is clearly deficient with respect to diversity of the parties since it lacks any information about the citizenship of the individual members of the defendant limited liability company." *Phoenix Energy Mgmt., Inc. v. Maverick Engineered Prod. LLC*, No. 21-CV-0320, 2021 WL 738708, at *1 (E.D.N.Y. Feb. 10, 2021), *report and recommendation adopted*, No. 21-CV-0320, 2021 WL 736421 (E.D.N.Y. Feb. 25, 2021).

In a case that has been removed to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Because Defendants have not established that this court has subject matter jurisdiction, this matter is remanded back to the Supreme Court of the State of New York, County of New York.

The Clerk of the Court is directed to: (1) remand this matter Supreme Court of the State of New York, County of Bronx without delay, and (2) close this case.

SO ORDERED.

Dated: March 8, 2022

_____
GREGORY H. WOODS
United States District Judge